## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH AGUIAR,<br>    **Plaintiff** | : | |
| | : | |
| | : | **C.A. No.:** |
| **v.** | : | |
| | : | |
| RHODE ISLAND PUBLIC TRANSIT<br>AUTHORITY,<br>    **Defendant** | : | |
| | : | |
| | : | |

## COMPLAINT

## I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act ("CRPD"), R.I.G.L. §42-87-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

## II. Parties

1. The Plaintiff, Joseph Aguiar, is a resident of the Town of Bristol, County of Bristol, State of Rhode Island.

2. Defendant Rhode Island Public Transit Authority ("RIPTA") is a Rhode Island corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 705 Elmwood Avenue, Providence, Rhode Island 02907.

### III. Jurisdiction

3.     This Court has jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117 and supplemental jurisdiction over the Plaintiff's claims under the FEPA, the CRPD, and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4.     Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5.     On or about May 4, 2020, the Plaintiff timely co-filed a charge of discrimination against Defendant Eagle with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 20 EMD 195-11/06, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2020-00143.

6.     On or about January 12, 2021, more than one hundred twenty (120) days, but less than two (2) years after the charge was co-filed, the Plaintiff requested that the RICHR and the EEOC issue right to sue letters.

7.     On or about January 27, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.     On or about February 5, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.     The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

10.    There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. **Material Facts**

11.    On May 13, 2019, the Plaintiff was hired by Defendant RIPTA as a mechanic.

12.    During all relevant time periods, his work performance was satisfactory and met Defendant RIPTA's legitimate expectations.

13.    The Plaintiff suffers from Posttraumatic Stress Disorder.

14.    During all relevant time periods, Defendant RIPTA was aware that the Plaintiff suffers from Posttraumatic Stress Disorder as evidenced by a June 5, 2019 letter written by his treating physician explaining same.

15.    In August, 2019, Defendant RIPTA approved the Plaintiff to work overtime.

16.    On or about September 13, 2019, Emilio Benros ("Benros"), the Plaintiff's trainer at Defendant RIPTA, told him that Joe Monte ("Monte"), Assistant Superintendent of Maintenance at Defendant RIPTA, did not like him.  In addition, Mr. Benros told the Plaintiff that both he and Mr. Monte thought that the Plaintiff works "slow" and stated, "we don't need slow people here," in reference to Defendant RIPTA.

17.    On September 16, 2019, the Plaintiff's treating physician sent Defendant RIPTA a letter excusing him from work on September 20, 2019 for a scheduled doctor's appointment.

18.    On September 20, 2019, the Plaintiff's treating physician wrote a letter requesting an accommodation in the form of (1) an opportunity for the Plaintiff to excuse himself from conflictual or high-intensity situations and to consult with one of his providers or other sources of support if he needed to manage his stress, (2) be allowed to keep reference materials, a notebook

and/or written guidelines regarding his work that he could use as needed, and (3) work with supervisors who are supportive and mindful of his condition.

19.     On or about September 23, 2019, the Plaintiff submitted the aforementioned letter and a copy of his credentials to Tom Williams ("Williams"), shop steward of the union at Defendant RIPTA.

20.     Shortly thereafter, Mr. Benros informed the Plaintiff that there would be "two more weeks of training and observation," and "at the end of the two weeks there would be a final written evaluation and discussion" on whether to keep him as a mechanic at Defendant RIPTA.

21.     On or about September 24, 2019, Mr. Williams provided Tom Cute, Union President at Defendant RIPTA, the Plaintiff's accommodation request.

22.     On or about September 25, 2019, Mr. Cute provided Mr. Monte the Plaintiff's accommodation request.

23.     Shortly thereafter, Mr. Benros requested that the Plaintiff meet with him for an evaluation.  As a result, the Plaintiff met with Messrs. Benros, Monte, and Williams.

24.     During the aforementioned meeting, Mr. Monte asked the Plaintiff, "why didn't you tell me you had a disability?" In response, the Plaintiff stated, "I did not have to give that information, but I did put it on my paperwork that HR requested I fill out." Mr. Monte replied, "If I knew you had a disability, I never would have hired you."

25.     On September 25, 2019, the Plaintiff met with Maureen C. Ruzzano ("Ruzzano"), HR Chief Compliance Officer at Defendant RIPTA, to discuss his request for an accommodation.

26.     During the aforementioned meeting, Ms. Ruzzano provided the Plaintiff a letter requesting an "Authorization for Release of Protected Health Information" and a "Medical Status Questionnaire" from his treating physician.

27.     On December 19, 2019, the Plaintiff met with Ms. Ruzzano.  During this meeting Ms. Ruzzano provided the Plaintiff with a letter which approved two (2) of his four (4) requested accommodations.  In addition, the letter stated "it has been determined that you have not been able to demonstrate the mechanical abilities" and that Defendant RIPTA was extending his training period for an additional thirty (30) days.

28.     However, Defendant RIPTA failed to extend the Plaintiff's training period.  In fact, as previously mentioned, Defendant RIPTA approved the Plaintiff to work overtime.

29.     In addition, from September, 2019 to January, 2020, the Plaintiff was working independently.

30.     During his thirty (30) day extended training period, the Plaintiff worked by himself and did not have additional training.

31.     During his thirty (30) day extended training period, the Plaintiff's work performance was satisfactory and Defendant RIPTA never provided him with any feedback regarding his performance.

32.     On January 20, 2020, as a result of the Plaintiff's satisfactory work performance, the union at Defendant RIPTA filed a grievance requesting that Defendant RIPTA offer the Plaintiff a full-time mechanic position.

33.     On January 24, 2020, the Plaintiff was terminated from his employment at Defendant RIPTA.

34.     The purported reason for the Plaintiff's termination was a pretext for disability and/or perceived disability discrimination.

35.     The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss

of enjoyment of life, humiliation, damage to his business and personal reputation and other great harm as a result of being discriminated against due to his disability and/or perceived disability.

36.    That the facts of this matter clearly establish that Defendant RIPTA discriminated against the Plaintiff on account of his disability and/or perceived disability in violation of the ADA, the FEPA, the CRPD, and the RICRA.

37.    Defendant RIPTA's actions and/or omissions are in violation of the ADA, the FEPA, the CRPD, and the RICRA, and were motivated by malice and ill will toward the Plaintiff, and Defendant RIPTA's actions were intentional, willful, malicious, and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

38.    As a proximate result of Defendant RIPTA's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering and loss of enjoyment of life.

## VII. Claims for Relief

39.    The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-38 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §12101, *et seq.*

40.    Defendant RIPTA, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

## Count Two
## Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

41.     Defendant RIPTA, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the FEPA.

## Count Three
## Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

42.     Defendant RIPTA, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the CRPD.

## Count Four
## Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

43.     Defendant RIPTA, by its acts and/omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the RICRA.

## VIII.  Prayers for Relief

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief:

1.     a declaratory judgment that Defendant RIPTA, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act,

42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2.     enjoining and permanently restraining Defendant RIPTA from violating the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3.     award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.     award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.     award the Plaintiff punitive damages;

6.     award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.     such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: February 8, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 8th day of February, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano

9